# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1332V

|  |  |
|---|---|
| JUDITH KAUFFMAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2026 |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 20, 2022, Judith Kauffman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") as a result of an influenza vaccine administered on September 20, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 25, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 20, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $792,821.95 (comprised of $49,211.00 for future life care expenses, $250,000.00 for pain and suffering, $14,414.95 for unreimbursable expenses, and $479,196.00 for loss of earnings). Respondent's Proffer on Award of Compensation ("Proffer") at 3-4. Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

should also be awarded an amount sufficient to purchase an annuity contract described in section A of the Proffer. Proffer at 1-3.

In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award**

1. **Petitioner a lump sum payment awarded $792,821.95 (comprised of $49,211.00 for future life care expenses, $250,000.00 for pain and suffering, $14,414.95 for unreimbursable expenses, and $479,196.00 for loss of earnings) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

2. **An amount sufficient to purchase an annuity contract described in Section A. of the Proffer.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

JUDITH KAUFFMAN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 22-1332V
Chief Special Master Brian H. Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 25, 2024, the Court issued a Ruling on Entitlement, finding petitioner entitled

to compensation (ECF No. 33), consistent with respondent's recommendation in his Rule 4(c)

Report (ECF No. 32). Respondent now proffers that petitioner receive an award as follows:

**A.**      **Life Care Items Beginning on the First Anniversary of Judgment.**

Respondent proffers an amount sufficient to purchase an annuity contract described

below in this Section A of this Proffer, paid to the life insurance company from which the

annuity will be purchased (the "Life Insurance Company").[1]

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies. Moreover, the Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.      Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

1

The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

(a)  For insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,086.72 to be paid up until the anniversary of the date of judgment in the year 2031, and then beginning on the anniversary of the date of judgment in year 2031, an annual amount of $3,866.72 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

(b) For equipment, medication, and supply expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,377.58 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment;

(c)  For home services expenses, beginning on the first anniversary of the date of judgment, an annual amount of $18,143.00 to be paid up until the anniversary of the date of judgment in the year 2031, and then beginning on the anniversary of the date of judgment in year 2031, an annual amount of $17,571.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment; and

(d)  For transportation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,941.74 to be paid up until the anniversary of the date of judgment in the year 2031, and then beginning on the anniversary of the date of judgment in year 2031, an annual amount of $58.80 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.  Petitioner will continue to

---

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

2

receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Proffer. The parties agree that upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

Petitioner authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

### B. Remaining Compensation for Damages Available under 42 U.S.C. § 300aa-15(a).

In addition to the compensation proffered above in Section A of this Proffer, respondent proffers the following, representing all remaining compensation for damages available under 42 U.S.C. § 300aa-15(a):[2]

A lump sum payment of **$792,821.95** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Judith Kauffman.[3]

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Petitioner has reviewed the foregoing and agrees with the proffered award as stated above in

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future damages.

[3] This sum consists of $49,211.00 for future life care plan expenses for the first year following the entry of judgment; $14,414.95 for past unreimbursed expenses; $250,000.00 for actual pain and suffering; and $479,196.00 for loss of earnings.

3

Sections A and B of this Proffer.[4]  These amounts represent all elements of compensation to

which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Senior Litigation Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847
ryan.pyles@usdoj.gov

DATED: May 20, 2026

---

[4]  This proffer does not include any award for attorneys' fees and costs that may be awarded
pursuant to 42 U.S.C. § 300aa-15(e).

4

**CERTIFICATE OF SERVICE**

I certify that today, May 20, 2026, a copy of the foregoing pleading will be served by electronic mail to Michael G. McLaren at mmclaren@blackmclaw.com and Christopher Webb at cwebb@blackmclaw.com.

s/ Ryan D. Pyles

5