# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-1332V**

JUDITH KAUFFMAN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 21, 2026

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 20, 2022, Judith Kauffman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of an influenza vaccine administered to her on September 20, 2019. Petition, ECF No. 1. On October 25, 2024, I issued a ruling on entitlement in Petitioner's favor. ECF No.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

33. On June 12, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 56.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $190,791.51 (representing $152,726.23 in fees and costs incurred by Petitioner's current law firm, Black McLaren, et al., PC, plus $38,065.28 in fees and costs incurred by Petitioner's former law firm, Whiteford, Taylor & Preston). Petitioner's Application for Fees and Expenses ("Motion") filed August 18, 2026, ECF No. 61. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 61-3.

Respondent reacted to the Motion on September 1, 2026, representing that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response to Motion (ECF No. 62). Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with the Petitioner's request and find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's fees request. The rates requested for attorney work performed through 2026 by Petitioner's current law firm are reasonable and consistent with our prior determinations. This is also true for the rates requested for work performed through 2021 by Petitioner's former law firm. In addition, Petitioner requests the rate of $365.00 for 2022-23 for work performed by former counsel Patrick McKevitt, and that rate too will be applied.

There are, however, some adjustments to be made for work performed on the matter, given issues with its reasonableness. For example, the total amount of time devoted to drafting the Petition was excessive. *See* Petition, filed September 20, 2022, ECF No. 1. Petitioner's former attorneys expended approximately 64.6 hours drafting the Petition. ECF No. 61-4 at 5-17. This does not include the amount of time spent reviewing and outlining the medical records, and communicating with each other to develop a strategy in preparation. It is somewhat unreasonable for counsel to spend so much time drafting a petition that totaled 16 pages, and in a Table claim context as well.

Accordingly, I will reduce the sum to be awarded for this specific category of work (a total of 64.6 hours or $14,799.00) by *twenty* percent. Such a reduction (which I am empowered to adopt)[3] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shade accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This**

[3] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See*, e.g., *Abbott v. Sec'y of Health & Hum. Servs*., 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs*, 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs*., 86 Fed. Cl. 201, 214 (2009).

**reduces the amount of attorney fees to be awarded to Petitioner's former law firm, Whiteford, Taylor & Preston by $2,959.80.**[4]

## ATTORNEY COSTS

Like fees, a request for reimbursement of litigation costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). It is important to evaluate the reasonableness of the requested litigation costs, as petitioners are not given a "'blank check to incur expenses' to be paid by the Vaccine Trust Fund." *See Riggins v. HHS*, No. 99-382V, 2009 WL 3319818, at *7 (Fed. Cl. Spec. Mstr. June 15, 2009), aff'd, 106 Fed. Cl. 600 (Dec. 10, 2009), aff'd, 406 Fed. Appx. 479 (Jan. 4, 2011) (citing *Perreira*, 27 Fed. Cl. at 34). Excessive, unsupported, or undocumented costs, including (but not limited to) upgraded methods of transportation, costly hotels, extravagant meals, alcohol, and expenditures unrelated to the Vaccine Act proceedings, are unreasonable and should not be borne by the Vaccine Program. *See*, e.g., *Van Vessem v. HHS*, No. 11-132V, 2018 WL 3989517, at *9-11 (Fed. Cl. Spec. Mstr. July 3, 2018); *McMurty v. HHS*, No. 15-405V, 2018 WL 5276700, at *5 (Fed. Cl. Spec. Mstr. Sept. 26, 2018) *Mostovoy v. HHS*, No. 02-10V, 2016 WL 720969, at *15-17 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *see* also *Riggins*, 2009 WL 3319818, at *12-14.

Petitioner's former law firm requests $955.28 in overall costs. ECF No. 61-4 at 1. I have reviewed the requested costs, but find that Petitioner's former counsel has not substantiated this amount with any documentation, such as invoices or proofs of payment, as is required to obtain reimbursement. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[5] When Petitioners fail to provide appropriate documentation to substantiate requested costs, special masters have refrained from awarding the relevant sum. *See*, e.g., *Gardner-Cook v. Sec'y of Health & Hum. Servs*., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

I will allow reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report, but I disallow reimbursement

[4] This amount is calculated as follows: (43.9 hrs. x $165.00 = $7,243.50) + (20.7 hrs. x $365.00 = $7,555.50) x .20 = $2,959.80.

[5] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

for all other unsubstantiated costs herein. **This reduces the amount of costs to be awarded to Petitioner's former law firm, Whiteford, Taylor & Preston by $553.28.**[6]

Petitioner's current law firm requests $40,684.63 in overall costs. These costs include life care planner and expert fees, requests for medical records, and travel by Petitioner's current attorney Christopher Webb. ECF No. 61-2 at 35-144. Mr. Webb traveled three times to meet in-person with the Petitioner. The visits with the Petitioner included an initial face-to-face with the Petitioner and her personal attorney, an in-person visit with the Petitioner and the life care planner, and an in-person visit with the Petitioner and her personal attorney in order to review the Respondent's proffer. Mr. Webb also traveled to New York on one occasion to meet in-person with an expert in the case. The requested travel expenses (totaling $6,105.99) are as follows:

- August 30-September 1, 2023 (Memphis, TN to Baltimore, MD): $766.40 airfare; $896.81 hotel and meals; $344.66 rental car, parking, gas. Trip total: $2,007.87

- May 13-17, 2024 (Memphis, TN to New York, NY): $128.54 airfare; $200.44 hotel and meals; $60.19 parking/tolls/transportation. Trip total: $389.17

- December 27-14, 2025 (Memphis, TN to Baltimore, MD): $732.56 airfare; $1,151.49 hotel; $455.10 parking/tolls/transportation; $590.54 meals. Trip total: $2,929.69

- September 12-27, 2025 (Memphis, TN to Baltimore, MD: $203.35 airfare; $498.57 hotel and meals; $77.34 parking/tolls/transportation. Trip total: $779.26

The billing records reveal that Petitioner's attorney engaged in efforts to reduce the travel expenses by combining some of the visits with other clients at the same location. However, Petitioner's counsel has failed to substantiate the need for the in-person expert visit. The billing records reflect that the meeting only lasted .50 hours, during which time the theory of the case and plans ahead were discussed. Nothing presented in either the billing records, reports, or Motion reflect any basis for the in-person meeting, and why this meeting could not have been accomplished remotely. Accordingly, the costs associated with the in-person meeting will not granted. **This reduces the**

[6] This amount is calculated as follows: $955.28 - $402.00 = $553.28.

**amount of costs to be awarded to Petitioner's current law firm, Black McLaren, et al., PC, by $389.17**.

In addition, Petitioner's counsel has not provided itemized receipts for any of the meal expenses for the four trips. Further frustrating my ability to determine the reasonableness of the meal expenses are the hotel receipts which have meals included in the total bill without corresponding itemized meal receipts. Complete, itemized receipts are necessary to evaluate the reasonableness of an expense and ensure that extravagant meals and alcohol are not being included in the costs. Accordingly, I hereby reduce the total meal expenses by *fifty* percent. **This further reduces the amount of costs to be awarded to Petitioner's current law firm, Black McLaren, et al., PC, by $485.96.**[7]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $186,403.30 as follows:**

**A lump sum of $151,851.10, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's current law firm, Black McLaren, et al., PC, IOLTA account for prompt disbursement**; and

**A lump sum of $34,552.20, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former law firm, Whiteford, Taylor & Preston, IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[7] This amount is calculated as follows: $971.93 x .50 = $485.96.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.